# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MELISSA A. LATHAM, an individual, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | NO. 18-CIV-133-RAW |
| OPTIONS INCORPORATED, an Oklahoma Corporation, | § § § § | |
| *Defendant.* | § § | |

## GOOGLE'S SPECIAL APPEARANCE AND MOTION TO RECONSIDER AND VACATE ORDER COMPELLING DISCOVERY

Nonparty Google LLC ("Google")[1] files this Special Appearance and Motion to Reconsider Order Compelling Discovery, respectfully requesting that the Court vacate its "Order Compelling Google, Inc. to Comply with Subpoena" [Doc. 35] ("Order"), issued on November 5, 2018. The Order was issued without notice to Google, or any opportunity for Google to be heard, from a jurisdiction that was not the proper forum to adjudicate the matter, and in violation of federal law. The Order should be vacated, and a new order should be entered denying the Plaintiff's underlying Motion to Compel.

### I. SUMMARY OF THE MOTION

Plaintiff Melissa A. Latham ("Plaintiff") recently filed an "Unopposed Motion to Compel Google, Inc. to Comply With Subpoena" [Doc. 32] ("Motion to Compel"). It is wrong that the Motion was "Unopposed" because Google—the party affected by the Motion—opposes it.[2] Google was unable to file any opposition to the Motion because Plaintiff never served Google with it.

---

[1] While the Motion to Compel and subsequent Order reference Google Inc., Google Inc. is now Google LLC.
[2] The Court ordered that Google have an opportunity to respond to any motion to compel. [Doc. 30] ("Google should be afforded an opportunity to respond prior to the court issuing a ruling with only scant allegations before the court").

Google therefore did not receive due process before having its rights adjudicated and the Order should be vacated.

Had Plaintiff served Google, Google would have opposed the Motion on three grounds. First, the Motion was brought in the wrong forum. The U.S. District Court for the Northern District of California, where Google resides, is the appropriate venue under the Federal Rules of Civil Procedure. Second, the Order violates the federal Stored Communications Act ("SCA"), which does not allow litigants such as Plaintiff to obtain the contents of electronic communications from a service provider such as Google. Third, the Order unnecessarily burdens Google, a nonparty.

There is a straightforward solution to this matter that implicates none of Google's concerns. At bottom, Plaintiff is seeking documents from her own Google account, but claims that she has been locked out of it. If so, she can use Google's online tool to try to recover her access to it or, if she cannot do so, she can simply subpoena her ex-husband, who allegedly controls the account.

## II. RELEVANT FACTS

1. Google LLC is formed under the laws of Delaware, and maintains its principal place of business and record custodians in Mountain View, California. *See* Motion, Ex. A-2. Google maintains no records custodians in Oklahoma or within 100 miles of Tulsa. Ex. A, ¶ 2.

2. On July 19, 2018, Plaintiff sent a subpoena to Google's registered agent in Oklahoma via certified mail.[3] *See* Ex. A, ¶ 4; B-1 at 7. The subpoena demands that Google produce "all Google Drive files for mlatham346@gmail.com" over a seven-year period. Ex. A-1 at 1. Google Drive is a secure online cloud storage platform, accessible around the world, enabling users to upload and

---

[3] Google also objects that Plaintiff did not properly serve Google. Fed. R. Civ. Pro. 45 requires personal service. *See* Ex. A-1, at 7; *F.T.C. v. Compagnie De Saint-Gobain-Pont-a-Mousson*, 636 F.2d 1300, 1311–12 (D.C.C. 1980) (holding that federal rules do not permit any form of mail service for subpoenas); *see also Omikoshi Japanese Rest. v. Scottsdale Ins. Co.*, 2008 WL 4829583, at *1 (E.D. La. Nov. 5, 2008) (holding that delivery of subpoena via certified mail was improper).

store digital content. Ex. A, ¶ 3. The subpoena specifies Plaintiff's attorney's offices in Tulsa, Oklahoma as the place for compliance. Ex. A-1 at 1.

3. On July 24, Google timely objected to the subpoena on several bases. *See* Ex. B-2. Google objected that: (1) the place for compliance was improper because Google resides in California, which is more than 100 miles from Tulsa, Oklahoma; (2) the SCA prohibits Google from complying with the subpoena; and (3) the user could more easily obtain the records herself. *Id.*

4. Throughout August, Google conferred with Plaintiff, who claims she is trying to access her own account. Ex. A-3. Google offered detailed instructions on how she could recover access to her account. *Id.* Google also explained its SCA objections in greater detail. *Id.*

5. Google received no correspondence or calls from Plaintiff between August 15 and November 5. *Id.* The first Google heard of the Motion was on November 5, 2018, when Plaintiff emailed Google this Court's Order compelling Google's compliance with the underlying subpoena. *Id.* ¶ 8. Plaintiff has not served Google with the Motion to Compel. *Id.*

### III. ARGUMENT

A "district court always has the inherent power to reconsider its interlocutory rulings." *Warren v. Am. Bankers Ins.*, 507 F.3d 1239, 1243 (10th Cir. 2007) (continuing: "we encourage a court to do so where error is apparent"). A motion to reconsider a discovery order is "not bound by the strict standards for altering or amending a final judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b)." *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223–24 n.2 (10th Cir. 2008); *see also Bays Exploration, Inc. v. Pensa, Inc.*, Case No. CIV-07-0754-D, 2009 WL 10674519, at *1 (W.D. Okla. March 13, 2009) (citing *Fye* in recognizing same in context of order on motion to compel). Instead, reconsideration of a discovery order is subject to the Court's "discretionary authority," *id.*, which should be exercised here to vacate the Order and deny the underlying Motion to Compel.

**A. Google was Not Afforded Due Process so the Order Should be Vacated.**

-3-
142131710.1
142131710.2

Google was not given any notice of the Motion to Compel and was provided no opportunity to respond. "Failure to give notice violates the most rudimentary demands of due process of law." *Peralta v. Heights Med. Ctr.*, 485 U.S. 80, 84 (1988) (cleaned up). "[C]onstitutional due process requires [] that parties be informed in a manner reasonably calculated to apprise them of the pending action and provide an opportunity to respond." *Rector v. City and Cty. of Denver*, 348 F.3d 935, 948 (10th Cir. 2003). Indeed, Google still has never been served with the Motion. Ex. A, ¶ 8. And Google was unaware that Plaintiff filed the Motion until Google received an Order granting it. *Id.* Google was given no opportunity to appear or respond, and the Court should therefore vacate its prior Order.

**B.     In Addition to Vacating the Order, the Court Should Deny the Motion to Compel.**

The Court should deny the Motion to Compel for three reasons. First, this is the wrong court to adjudicate the Motion. The Federal Rules of Civil Procedure provide that the Northern District of California is the appropriate court to hear this dispute. Second, the SCA bars Plaintiff from obtaining the sought-after records from Google, a nonparty service provider. Third, the Court need not unduly burden Google because Plaintiff can obtain the records herself.

**1.     This Court is Not the Proper Venue to Adjudicate Plaintiff's Motion.**

Under the Federal Rules of Civil Procedure, a motion to compel a nonparty "must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). And for a nonparty subpoena requesting the production of documents, the discovery must be taken within 100 miles of the witness's residence. Fed. R. Civ. P. 45(c)(2)(A). Google resides in Mountain View, California, which is also where Google's records custodians are located. Therefore, the Federal Rules require that Plaintiff move to compel Google in the District Court with jurisdiction over Mountain View: the Northern District of California. *See Creative Machining & Molding Corp. v. CRC Polymer Sys's, Inc.*, No. 17-30043-MAP, 2018 WL 1440320, at *2 (D. Mass. March 22, 2018) (explaining that requestor's specification of improper "place for compliance" made subpoena "unenforceable" and that court

-4-
142131710.1
142131710.2

could not grant motion to compel because it should have been filed in South Carolina, where witness maintained its principal place of business); *see also Helping Hand Caregivers ltd. v. Darden Corp.*, No. MC 16-00011 BRO (RAO), 2016 Wl 10987313, at *2 (C.D. Cal. Feb. 17, 2016) (recognizing that because it lacked jurisdiction to compel witness' compliance with subpoena, requestor must move to compel in witness's district in compliance with Federal Rule of Civil Procedure 37). And if Plaintiff is indeed the user of the account in question, she agreed to Terms of Service that set as the exclusive forums the state or federal courts of Santa Clara County, California.[4]

Plaintiff may argue that this Court was nevertheless proper because it was the court that issued the subpoena. Plaintiff would be wrong. First, there are no exceptional circumstances justifying transfer from the Northern District of California back to this Court. *See* Fed. R. Civ. P. 45(f). Second, this Court lacks personal jurisdiction over non-party Google in any event. Plaintiff bears the burden of establishing this Court's jurisdiction over Google and cannot do so. *See In re Sealed Case*, 141 F.3d 337, 378 (D.C. Cir. 1998) ("The principle that courts lacking jurisdiction over litigants cannot adjudicate their rights is elementary, and cases have noted the problem this creates for the prospect of transferring nonparty discovery disputes.") (citations omitted); *Std. Life & Acc. Ins. Co. v. W. Fin., Inc.*, 436 F. Supp. 843, 845 (W.D. Okla. 1977) ("burden of proof rests upon the party asserting the existence of jurisdiction").

First, Google is not a party to this action, so its conduct is not at issue in the litigation.

Second, Google is not subject to general personal jurisdiction in Oklahoma. General personal jurisdiction, otherwise called "all-purpose" jurisdiction, refers to a state court's ability to hear "any and all claims" against a corporation. *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011). This is tremendous power for a court; as it becomes a "clear and certain forum" in which any litigant on the planet can obtain relief against that corporation, even where that relief has

---

[4] *See* https://policies.google.com/terms?hl=en&gl=ZZ (last accessed November 15, 2018).

"no connection whatever to the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 n. 19 (2014). Absent exceptional circumstances, which do not exist here, a court may exercise general jurisdiction over a corporation only if the corporation is "at home" in that state. *BNSF Ry. Co.*, 137 S. Ct. at 1558. A corporation is "at home…at the corporation's place of incorporation and its principal place of business." *Id.* Here, Google was formed in Delaware and maintains its principal place of business in Mountain View, California, which is also where its records custodians are located. Ex. A, ¶ 2. Google has no records custodians in Oklahoma. *Id.* There are no "exceptional circumstances" here that warrant a finding that Google is at home in Oklahoma.

Third, Google is not subject to specific personal jurisdiction in Oklahoma. Specific personal jurisdiction exists only over a party who has "minimum contacts" with the forum state such that hauling the party into the state would not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). This test requires that (1) the out of state litigant "purposefully directed" its activities at residents of the forum state; and (2) the plaintiff's injuries "arise out of" the foreign party's forum-related activities. *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (citations omitted). A website host does not satisfy either prong unless it "deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state." *Id.* at 1241. Here, Google directed nothing at Plaintiff and her injuries were purportedly caused by Options Inc., not Google. She simply cannot log in to Google's service. *See* Ex. A-3; *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298–99 (1980) (holding that the "unilateral activity of those who claim some relationship with a nonresident," is "far too attenuated a contact to justify that State's exercise of *in personam* jurisdiction over them."). That does not provide a basis for specific jurisdiction over Google.

## 2. The Order Violates the Federal Stored Communications Act.

Section 2702(a) of the SCA generally prohibits Google from disclosing the contents of electronic communications, such as the contents of a Google Drive account as sought by Plaintiff, to any person or entity. 18 U.S.C. § 2702(a)(1), (2).[5] Courts have uniformly held that the SCA does not allow a civil subpoena or court order to compel service providers to disclose such content. *Suzlon Energy Ltd. v. Microsoft,* 671 F.3d 726, 730 (9th Cir. 2011) (holding that non-governmental entities cannot obtain the content of communications with a civil discovery demand issued under section 1782 because that would invade "the specific interests that the [SCA] seeks to protect."); *Theofel v. Alwyn Farey-Jones*, 359 F.3d 1066, 1073 (9th Cir. 2004) (a civil discovery demand for content is not valid legal process under the SCA); *In re Facebook, Inc.*, 923 F. Supp. 2d 1204, 1206 (N.D. Cal. 2012) ("the case law confirms that civil subpoenas may not compel production of records from [service] providers . . ."); *Optiver Australia Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors.*, No. C-12-80242, 2013 WL 256771, at *2 (N.D. Cal. Jan. 23, 2013) (quashing subpoena that sought disclosure of stored communications, because "[t]he SCA prohibits any knowing disclosure by service providers of the content of electronic communications, no matter how insignificant"). The Order therefore cannot direct Google to produce the content sought.

---

[5] The SCA applies to electronic communications service ("ECS") and remote computing service ("RCS") providers. An ECS is "any service which provides to users thereof the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15). An RCS involves "the provision to the public of computer storage or processing services by means of an electronic communications system." 18 U.S.C. § 2711(2). An "electronic communication" means "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system[.]" 18 U.S.C. § 2510(12). And the "contents of an electronic communication" is defined to "include[] any information concerning the substance, purport, or meaning of that communication." 18 U.S.C. § 2510(8). Google provides both ECS and RCS services. *See Crispin v. Christian Audigier, Inc.,* 717 F. Supp. 2d 965, 982 (C.D. Cal. 2010) (holding that a provider can be both an ECS and RCS). Indeed, by choosing to store certain records in the cloud, those records become the "'essential part of the communication, the 'meaning conveyed, and the 'thing one intends to convey.'" *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014) (analyzing the definition of "contents" as used in the SCA).

Under very narrow exceptions such as with the actual express and verifiable consent of the user, a service provider may disclose, at its discretion, the contents of the user's communications. 18 U.S.C. § 2702(b)(3). Here, the exception does not apply:

- First, there is no evidence in the record verifying that Plaintiff is actually the owner of the account. Google can only authenticate that a user has provided his or her consent to the disclosure of their account's content when that user expressly provides their consent via email, from the email address used to access the account. Ex. A, ¶ 9. Here, Google has received no such consent from the user account in question. *Id.* Plaintiff claims that the account is hers and she just cannot access the account, but her mere assertion is not sufficient to verify that she is the actual owner. Further, Plaintiff has offered no evidence that she tried to regain access to the account that purportedly belongs to her.

- Second, even if Google does receive valid and verifiable consent from the account in question, disclosure under the SCA's "lawful consent" exception is voluntary, so Google cannot be compelled to disclose the account's content in any event. *See United States v. Wenk*, Case No. 3:17CR85-HEH, 2017 WL 9989882, at *1 (E.D. Va. Nov. 29, 2017) ("under the SCA a [non-governmental entity] cannot couple user consent and a court ordered subpoena to compel disclosure from a service provider."); *In re Facebook, Inc.*, 923 F. Supp. 2d at 1206 ("[u]nder the plain language of Section 2702, while consent may **permit** production by a provider, it may not **require** such a production.") (emphasis in original); *PPG Industries, Inc. v. Jiangsu Tie Mao Glass Co., Ltd.,* No. 2:15-cv-965, 2017 WL 3105878, at *2 (W.D. Pa. July 21, 2017) ("according to the language of the SCA, it is within the providers' discretion whether to disclose e-mails even in cases where there is lawful consent.").

The Court should therefore deny Plaintiff's Motion to Compel for this additional reason and direct Plaintiff to obtain the requested communications through other means readily available to her.

### 3. Plaintiff Can Obtain the Records Herself or From the Current Account Owner.

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1); *Suzlon*, 671 F.3d at 731 (noting that the inability to obtain documents from a provider does not affect the ability to obtain the documents directly from the user). Under the SCA and consistent with Plaintiff's obligations to avoid unduly burdening a nonparty, Plaintiff must obtain the records herself by logging into her purported account (or at least attempting to) or issuing a subpoena for its content to the current account owner. This straightforward solution is both consistent with the SCA and avoids burdening a nonparty.

Here, Plaintiff alleges that the account at issue is her own but that her ex-husband changed the password to the account. Ex. A-3, at 2. So Google provided Plaintiff with a tool by which account holders can recover access to their accounts. *Id.* at 2, 5. During a meet and confer, Plaintiff claimed that she attempted to use the tool but when Google inquired about her attempt in an effort to help her, Plaintiff refused to respond. She refused to confirm what she did to try to recover her purported account. Separately, Plaintiff has made no attempt to seek the information from her ex-husband, who she claims currently has access to the account. Plaintiff should simply ask (or compel) him to produce the account's content rather than seeking this information from a nonparty service provider in contravention of federal law.

### IV. CONCLUSION

For these reasons, and any advances on reply or at oral argument, Google respectfully asks this Court to reconsider its prior Order, vacate the Order, and deny the Motion to Compel.

142131710.1
142131710.2

Dated: November 15, 2018                                    Respectfully submitted,


*/s/ Johnathan L. Rogers*
Hayden M. Schottlaender
(*Application for Admission to the United States District Court for the Eastern District of Oklahoma Pending*)
Texas Bar No. 24098391
hschottlaender@perkinscoie.com

**Perkins Coie LLP**
500 N. Akard Street, Suite 3300
Dallas, TX 75201-3347
Tel.: 214.965.7700
Fax: 214.965.7799

John F. Heil, III, OBA #15904
Johnathan L. Rogers, OBA #21341

**Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.**
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3706
Telephone (918) 594-0594
Facsimile (918) 594-0505

ATTORNEYS FOR GOOGLE LLC

## CERTIFICATE OF CONFERENCE

I, Hayden M. Schottlaender, hereby certify on this 15th day of November 2018 that I conferred with Carrie Luelling, counsel for Plaintiff, on November 8, 2018 about the relief requested by this motion. I informed Ms. Luelling of the issues presented in this brief, and informed her that her Motion to Compel was not "unopposed" as she'd represented to the Court. I requested that Ms. Luelling herself move to vacate the order on the bases presented herein. Ms. Luelling ended that conversation by telling me she would confer with her client that day and call me back. When Ms. Luelling did not call me back on November 8, I emailed her on November 9, requesting an answer as to whether she would herself move to vacate the discovery order. My email noted that if Ms. Luelling did not reply to my email by noon on Monday, Google would have to itself move to vacate the order and seek sanctions and fees. Separately, I called Ms. Luelling at her office on Friday, November 9, and on Monday, November 12. I left messages on both occasions. I have not received any response to my email on November 9, nor my two voice messages since then. Because of the distance between my office, which is located in Dallas, Texas, and the office of Ms. Luelling, which is located in Tulsa, Oklahoma, a personal conference is infeasible. For these reasons, I presume that Plaintiff is opposed to this motion.

*/s/ Hayden M. Schottlaender*
Hayden M. Schottlaender

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of November 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the Following ECF registrants:

Carrie M. Luelling
Clue Law
320 S Boston Ave, Ste 1026
Tulsa, OK 74012
918-800-9680
carrie@cluelaw.com

Terry S. O'Donnell
Savage O'Donnell Affeldt Weintraub & Johnson
110 W 7th St, Ste 1010
Tulsa, OK 74119
918-599-8400
Fax: 918-599-8444
tso@savagelaw.cc

*/s/ Johnathan L. Rogers*
Johnathan L. Rogers